DAVID G. and CLAUDETTE R. CARPENTER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Carpenter v. Commissioner
Docket No. 12522-79.
United States Tax Court
T.C. Memo 1981-298; 1981 Tax Ct. Memo LEXIS 450; 42 T.C.M. (CCH) 98; T.C.M. (RIA) 81298; June 17, 1981. *450 Held, petitioners are not entitled to a claimed meals expense deduction. Heldfurther, petitioners are not entitled to an employee business expense deduction for the cost of uniforms, laundry, tools, and equipment in excess of the amount allowed by respondent. David G. Carpenter, pro se. Marion Malone, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a $ 980 deficiency in petitioners' 1976 Federal income *451 tax. After concessions, the remaining issues for decision are (1) whether petitioners are entitled to a claimed meals expense deduction; and (2) whether petitioners are entitled to an employee business expense deduction for the cost of uniforms, laundry, tools, and equipment in excess of the amount allowed by respondent. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. David G. (hereinafter petitioner) and Claudette R. Carpenter, husband and wife, resided in Lakewood, California, when they filed their 1976 joint Federal income tax return with the Internal Revenue Service Center, Fresno, California, and when they filed their petition in this case. During 1976, petitioner was employed as a long-haul truck driver by Interstate Brands Corporation. In that capacity petitioner traveled a total of 208 days during 1976, mostly driving between Los Angeles and Seattle. He received $ 6.50 per day from his employer to reimburse him for the cost of meals. During 1976, Mrs. Carpenter was employed as a salesalady by Interstate Brands Corporation. In order to prepare his 1976 return, petitioner estimated that he incurred expenses of $ 17.50 per *452 day for meals while driving for his employer. On his 1976 return petitioner claimed a deduction of $ 2,288 attributable to the excess of his estimated expenses for meals over the reimbursement for such expenses that he received from his employer (i.e., $ 17.50-$ 6.50 x 208 = $ 2,288). Petitioner neither reported the aforementioned reimbursement as income nor claimed a deduction therefor. In the notice of deficiency, respondent disallowed the claimed meals expense deduction because petitioner failed to satisfy the substantiation requirements of section 274(d). [1]
On the return, petitioner also claimed an employee business expense deduction of $ 816 for the cost of uniforms, laundry, tools, and equipment for himself and his wife. Respondent allowed only $ 290 of this deduction. OPINION The first issue for decision is whether petitioner is entitled to the claimed meals expense deduction. Respondent maintains that petitioner is not entitled to the deduction because he failed to satisfy the substantiation requirements of section 274(d). We agree. Section 274(d) *453 provides that no deduction shall be allowed under section 162 "for any traveling expense (including meals and lodging while away from home)" unless the taxpayer substantiates with adequate records or sufficient evidence corroborating his own statement (1) the amount, (2) time and place, and (3) business purpose of the expense. To meet the "adequate records" requirement, a taxpayer must maintain an account book, diary, statement of expense, or similar record prepared contemporaneously with the expenditure and, in certain circumstances, produce documentary evidence, which together establish the requisite elements of the expenditure. Sec. 1.274-5(c)(2), Income Tax Regs.
The only evidence offered in support of the claimed meals expense deduction consisted of several attached pieces of paper with various figures listed thereon. While petitioner testified that these pieces of paper represented a contemporaneous record of his expenses for meals, none of the entries was dated. Moreover, we do not believe that this purported record of petitioner's expenses for meals was prepared contemporaneously with his expenditures for meals. Accordingly, we find that petitioner failed to satisfy the *454 requirements of section 274(d) and, therefore, hold for respondent on this issue. We must now decide whether petitioner is entitled to an employee business expense deduction under section 162(a) in excess of the amount allowed by respondent. Respondent maintains that petitioner did not prove that he and his wife expended more than $ 290 for uniforms, laundry, tools, and equipment during 1976. Petitioner did not produce any evidence with respect to this issue. Accordingly, since petitioner failed to meet his burden of proof, we hold for respondent. See Rule 142(a), Tax Court Rules of Practice and Procedure.
To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩